IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3029-FL

| WILLIAM BRANDON CHILES, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DOMANICK D. SMITH, CROMER HAIGLER, MACEO WILKINS, and REGGIELETTE COLEY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on motion for summary judgment (DE 56) made by defendants Domanick Smith ("Smith"), Maceo Wilkins ("Wilkins"), and Reggielette Coley's ("Coley") (together, "moving defendants") pursuant to Federal Rule of Civil Procedure 56.[1] Also before the court is plaintiff's motion to deny or stay consideration of moving defendants' motion (DE 63) in order to afford him additional time to complete discovery. The issues raised are ripe for ruling. For the reasons stated below, moving defendants' motion is denied without prejudice to refiling after further period of discovery, which the court orders herein.

## BACKGROUND

Procedural history pertinent to the instant motions may be summarized as follows. Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint January 26,

---

[1] Defendant Cromer Haigler has not appeared in this action since its inception, and the court has stayed any default judgment proceedings pending resolution of the claims against moving defendants. (DE 48).

2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges claim for excessive use of force against moving defendants Smith and Wilkins, in violation of the Eighth Amendment to the United States Constitution. Plaintiff further alleges that moving defendant Coley allowed the assault to take place despite the opportunity to intervene. Moving defendants, sued in their individual capacities, were correctional officials at the Maury Correctional Institution during the relevant time period.

The case management order, entered January 18, 2024, provided for a period of discovery that initially extended to May 20, 2024. Plaintiff timely served his first requests for production of documents during this initial period, and the court then granted multiple requests by moving defendants to extend the discovery deadline to allow time for them to serve responses to these requests. (See, e.g., DE 45 at 1).[2] Ultimately, the discovery deadline was extended to August 21, 2024. (June 28, 2024, order (DE 46).

According to plaintiff, he served his first set of requests for admission and interrogatories June 24, 2024, sufficiently in advance of the then-applicable deadline to allow time for moving defendants to respond. (Pl's Mot. (DE 63) at 3; June 28, 2024, order (DE 46) (extending discovery deadline to August 21, 2024)). At the time of the alleged service, moving defendants were represented by attorneys with the North Carolina Department of Justice. In August 2024, moving defendants obtained new counsel. And in response to plaintiff's instant motion to defer or deny the motion for summary judgment, moving defendants assert that prior counsel never received the first set of requests for admission and interrogatories. (DE 66-2 ¶ 11; DE 66 at 7–8).

---

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

Meanwhile, and following the change of counsel noted above, moving defendants sought and obtained additional extensions of time to respond to plaintiff's first set of requests for production of documents. (See, e.g., DE 45, 52, 55). Moving defendants completed their responses and production of documents on or about October 14, 2024.[3] (DE 63 at 2).

Following service of the foregoing responses, and in accordance with the amended case management order, moving defendants filed the instant motion for summary judgment. Moving defendants primarily argue that, in light of the record evidence produced in discovery, plaintiff cannot show a triable issue of fact on his claim for excessive use of force. In support, moving defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) photographic evidence of a plastic shank taken from plaintiff during the incident; 2) witness statements from the Department of Adult Correction ("DAC") investigation; 3) plaintiff's medical records; 4) photographs of plaintiff after the incident; and 5) administrative grievances related to the incident.

Plaintiff responded in opposition to the motion by filing the instant motion to defer or deny moving defendants' motion because he has not been afforded adequate time to complete discovery. Plaintiff argues that moving defendants failed to provide any response to his interrogatories or requests for admissions, and that their responses to his requests for production of documents were deficient. Moving defendants responded in opposition to this motion.

**COURT'S DISCUSSION**

Plaintiff's motion to deny or defer ruling on moving defendants' motion for summary

---

[3] In light of the change of counsel, the court permitted moving defendants to complete the production of documents after the discovery deadline expired. (See DE 52, 55).

judgment is a request for relief under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion [for summary judgment] or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014). Although relief under Rule 56(d) is "broadly favored and should be liberally granted," the court "may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." Goodman v. Diggs, 986 F.3d 493, 501 (4th Cir. 2021); McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 484 (4th Cir. 2014). By contrast, "district courts should not consider summary judgment motions where the nonmoving party has not had the opportunity to discover information essential to its opposition." Farabee v. Gardella, 131 F.4th 185, 193 (4th Cir. 2025).

As a threshold issue, moving defendants argue plaintiff failed to meet and confer with them prior to filing the instant motion challenging the sufficiency of the summary judgment record. Moving defendants rely upon Local Civil Rule 7.1(c)(2), which applies to discovery disputes, and states in relevant part that a movant seeking to compel discovery must "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions."

Here, plaintiff is incarcerated, and the primary means by which he can communicate with opposing counsel is written correspondence. And on September 9, 2024, while moving defendants' production of documents remained in progress, plaintiff stated in sworn filing that he "[wrote] to both opposing counsel to request a prompt issuance of the requested discovery." (DE

4

50 at 2). Moving defendants do not address this attempted meet and confer in the instant response to plaintiff's motion. Accordingly, the court finds plaintiff substantially complied with Local Civil Rule 7.1(c)(2). In doing so, the court does not reach the issue of whether this rule applies to Rule 56(d) motions.

The court next turns to the disputed interrogatories and requests for admissions. Here, moving defendants do not argue that the interrogatories or requests for admissions are irrelevant to plaintiff's claims, or that the information "would not by itself create a genuine issue of material fact." Goodman, 986 F.3d at 501; (see DE 66). Instead, they argue that plaintiff never served the interrogatories or requests for admissions during the time period for conducting discovery. Plaintiff, on the other hand, submits sworn filing that he served moving defendants' prior counsel with the requests sufficiently in advance of the applicable discovery deadline to allow time for moving defendants to respond. (Pl's Mot. (DE 63) at 3).

Given plaintiff's status as a pro se litigant, his sworn statement that the subject discovery requests were served, and recognizing that moving defendants' multiple changes of counsel may have impacted service of the requests, the court will resolve this dispute in plaintiff's favor. Moreover, moving defendants will not suffer significant prejudice by having to answer the requests for admissions and interrogatories.

In these unique circumstances, the court will deem the requests for admissions and interrogatories (DE 63-2 at 6–10) timely served. And having received no responses to same, plaintiff "has not had the opportunity to discover information essential to [his] opposition." Farabee, 131 F.4th at 193. Pursuant to Rule 56(d), moving defendants' instant motion for summary judgment is denied without prejudice to refiling after completion of discovery, on the

5

schedule set forth below. See Fed. R. Civ. P. 56(d).

In light of this decision, and without offering any comments on the merits of the instant motion for summary judgment, the court DIRECTS moving defendants to address Alexander v. Connor, 105 F.4th 174 (4th Cir. 2024) in their newly filed motion, as it relates to plaintiff's account that he was restrained and compliant when the use of force occurred. (See Compl. (DE 1) at 6–9); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes"). Moving defendants also may rely on new or expanded arguments in the forthcoming motion, if desired, but same should be limited to the existing discovery record (including new responses to the outstanding requests), or moving defendants' personal affidavits or declarations.

Turning finally to the requests for production of documents, moving defendants produced over 800 pages of documents in response to these requests. (DE 66 at 3). As for plaintiff's arguments that they failed to respond to certain requests or that their document production did not cover certain items, moving defendants represent that no further responsive documents exist. (DE 66 at 6; DE 66-2 ¶ 9 (counsel stating in sworn filing that "there are no additional responsive documents, including but not limited to video footage"). The court cannot compel moving defendants to produce documents that do not exist. Accordingly, moving defendants are not required to supplement their responses to the requests for production of documents

## CONCLUSION

Based on the foregoing:

1) Moving defendants are DIRECTED to respond to plaintiff's requests for admissions and interrogatories (DE 63-2 at 6–10) within **30 days** of entry of this order. Requests

6

for extension of this deadline will be disfavored. With the exception of these responses, discovery is closed and plaintiff shall not serve any further discovery requests;

2) Moving defendants' motion for summary judgment (DE 56) is DENIED without prejudice to refiling on the terms herein;

3) Any renewed motion for summary judgment shall be filed on or before **December 5, 2025**. The court refers moving defendants to the instructions for supplementing the summary judgment briefing in the penultimate paragraph of the discussion section of this order. The court will provide plaintiff with instructions for responding to this motion in forthcoming correspondence; and

4) Plaintiff's motion for denial or stay of moving defendants' motion for summary judgment (DE 63) is GRANTED on the terms herein.

SO ORDERED, this the 19th day of September, 2025.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge